# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GLENN TOMBLIN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1100** (BOR Appeal No. 2046938)
(Claim No. 2010126344)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Glen Tomblin, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patriot Coal Corporation, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 28, 2012, in which the Board affirmed a February 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 3, 2011, decision denying Mr. Tomblin's request to add sprain to the lumbar region, sciatica, and herniated disc as compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Tomblin worked as a truck driver for Patriot Coal Corporation when he fell while getting off a bus on March 1, 2010. The claim was held compensable for right shoulder strain. Jack R. Steel, M.D., diagnosed Mr. Tomblin with sprain of lumbar region, sciatica, and herniated disc but did not state in his reports if these diagnoses should be added as compensable components or if they were related to the work injury. The claims administrator denied Mr. Tomblin's request to add sprain to the lumbar region, sciatica, and herniated disc as compensable

1

components and concluded that there is no indication in the medical reports that Mr. Tomblin complained of pain to his lumbar spine in the first nine months post work injury.

The Office of Judges affirmed the claims administrator's decision and held that the diagnoses of sprain to lumbar region, sciatica, and herniated disc are not compensable elements in this claim. On appeal, Mr. Tomblin disagrees and asserts that the Board of Review erred because the additional diagnoses have been verified by Dr. Steel as a result of the compensable injury. He further asserts that his prior back condition was made worse by this occupational injury that lead to the diagnoses of lumbar strain and herniated disc and that the herniated disc lead to sciatica. Patriot Coal Corporation maintains that Mr. Tomblin failed to submit any reliable medical evidence that his low back condition has any relation to his right shoulder injury of March 1, 2010.

The Office of Judges concluded that there was insufficient evidence to support adding the diagnoses of sprain to the lumbar region, sciatica, and herniated disc as compensable components. The Office of Judges found that the report of injury completed by Mr. Tomblin included back pain as a symptom but the emergency room physician's records stated that Mr. Tomblin denied back pain at that time. The emergency room physician did not order x-rays of the lumbar spine when he ordered x-rays of the shoulder. The Office of Judges found that Dr. Steel did note in his records that Mr. Tomblin complained of back pain radiating into his right leg but did not make a diagnosis of herniated disc until December 1, 2010. The Office of Judges determined that Mr. Tomblin's back pain radiating into his right leg preexisted the injury because the complaints Mr. Tomblin made to Prasadarao B. Mukkamala, M.D., approximately three months prior to the subject injury were the same complaints that he made to Dr. Steel on April 14, 2010.

In addition, the Office of Judges concluded that the denial of the lumbar sprain is supported by the fact that Mr. Tomblin was injured on March 1, 2010, and that the condition should have resolved by the time Dr. Steel started treating the condition in November of 2010 because West Virginia Code of State Rules § 85-20-3 (2006) does not allow the duration of care for lumbar sprain/strain to exceed eight weeks. The Office of Judges found that sciatica is merely a symptom rather than a diagnosis. It further found that a herniated disc is not supported by the record since the MRI of December 13, 2010, was not interpreted by the radiologist as showing a herniated disc. The Office of Judges determined that when the MRI dated December 13, 2010, was compared to the MRI of December 9, 2008, there appeared to be little change in Mr. Tomblin's back condition and in fact the annular tear at L4-L5 was less conspicuous on the recent study than the previous one. The Office of Judges held that the diagnoses of sprain to lumbar region, sciatica, and herniated disc are not compensable diagnoses in this claim. The Board of Review reached the same reasoned conclusions in its decision of August 28, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum